

CLOSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NNDJ, INC, MARY EGHIGIAN,
JANET TERTERIAN, AMY DLUZYNSKI
and EZGAR VILLARREAL, as individuals
and on behalf of all others similarly situated,

Plaintiffs,

v

NATIONAL CITY BANK, NATIONAL CITY
CORPORATION, COMERICA INCORPORATED,
JPMORGAN CHASE BANK, N.A., FIFTH THIRD
BANK, a Michigan banking corporation, FIFTH THIRD
BANK, an Ohio banking corporation, and FIFTH THIRD
BANK, N.A.

            Defendants.

CASE NO. 07-14406
HON. JOHN FEIKENS



FILED

MAY 1 3 2009

CLERK'S OFFICE
DETROIT

_____/

BECKER & WASVARY, P.L.L.C.
By: CARL G. BECKER (P10608)
      MARK K. WASVARY (P51575)
Attorneys for Plaintiffs
2301 W. Big Beaver Rd., Suite 318
Troy, MI 48084
(248) 649-5667

WARNER NORCROSS & JUDD LLP
By: MOLLY MCMANUS (P48911)
MICHAEL BRADY (P57331)
Attorney for Fifth Third Bank
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503
(616) 752-2196

_____/

## FINAL JUDGEMENT AND ORDER

This matter having come before the Court for approval of a settlement in this

action, the Court having considered all papers filed and proceedings held in connection

with said motion, notice of hearing having duly been given in accordance with the

Court's Preliminary Approval Order and subsequent Order to Extend Objection Date, Cut Off Date, Opt Out Date, Claim Date and Adjourn Fairness Hearing, a hearing having been held on April 13, 2009, there being only one objection from the class members to the proposed settlement, and that objector having failed to appear at the Fairness Hearing, and good cause appearing therefore, it is this 13th day of April, 2009

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Court has jurisdiction over the subject matter of this action and over all parties to this action.

2.      The Notice given to the Class was in compliance with the Preliminary Approval Order and subsequent Order to Extend Objection Date, Cut Off Date, Opt Out Date, Claim Date and Adjourn Fairness Hearing, and such Notice was the best notice practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

3.      The Court confirms its appointment of Carl G. Becker of Becker Law Firm, P.L.C. and Mark K. Wasvary of Becker & Wasvary, P.L.L.C. as Class Counsel ("Class Counsel").

4.      The Preliminary Settlement filed with the Court on January 9, 2009 (the "Settlement Agreement") was arrived at as a result of arm's length negotiations, conducted in good faith by counsel for the parties.

5.      The Court hereby approves the Settlement set forth in the Settlement Agreement between Plaintiff Mary Eghigian and Defendants Fifth Third Bank, a Michigan banking corporation, Fifth Third Bank, an Ohio banking corporation, and Fifth Third Bank, N.A.  (hereinafter collectively "Fifth Third Bank" or "Defendant").  The Settlement, as set forth in the Settlement Agreement is, in all respects, fair, reasonable,

and adequate to the Class in light of the risks of establishing liability and damages; the range of reasonableness of the settlement in light of the best possible recovery; the range of reasonableness of the settlement in light of all the attendant risks of litigation, including but not limited to the risks of maintaining a class action through trial and appeal; the complexity, expense, and likely duration of litigation; the state of the proceedings and the amount of discovery completed; the recommendations of competent counsel; and the reaction of the class to the settlement.  The Representative Plaintiff, Class Members, and Defendant are directed to consummate the Settlement as provided in the Settlement Agreement.

6.      By this Order and the Judgment entered pursuant to it, the Court approves the release of Defendant.  Therefore Plaintiff and Class Members have released and do release the released parties as follows:

> For the consideration stated herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, Plaintiff and all settlement class members who do not timely exclude themselves from the Settlement Class, including any other person acting on their behalf or for their benefit hereby releases, covenants, not to sue, remises and forever discharges Defendant, as well as its predecessors and successors in interest and present and former affiliates, parents, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, agents, employees and assigns (collectively "releasees") from any causes of action, claims, debts, contracts, agreements, obligations, liabilities, suits, claims, damages, losses, or demands whatsoever ("claims"), in law or in equity, known or unknown at this time, suspected or unsuspected, which Plaintiff and the class now have or ever had, or may in the future have, against the releasees, under any legal theory, including but not limited to, attorneys fees and/or costs of suit in connection with such claims, whether or not alleged, arising out of the allegations in or subject matter of the Second Amended Class Action Complaint filed in this matter.  This release is conditioned upon Plaintiff's Class Counsel and Defendant meeting their obligations under the Settlement Agreement.

7.      Settlement Class Counsel received no timely requests for exclusion from the settlement from any class members.

3

8.      Without affecting the finality of the Judgment entered pursuant to this Order, the Court hereby reserves and retains continuing jurisdiction over the Settlement, including all matters relating to the administration and effectuation of the Settlement Agreement. Each party and Class Member is hereby deemed to have submitted irrevocably to the jurisdiction of this Court for any suit, action, proceedings, or dispute arising out of or relating to this Order or the Settlement.

9.      Each Plaintiff and Class Member is hereby enjoined from prosecuting any claim(s) that are settled pursuant to this Order. Without affecting the finality of this Judgment, the Court hereby reserves and retains jurisdiction to enforce this injunction.

10.     Settlement Class Counsel are hereby awarded counsel fees of $41,000.00 and costs of $1,600.00 (to be paid by a portion of the Settlement Fund as prescribed by the Settlement Agreement) to be paid by Defendant forthwith.

11.     Representative Plaintiff Mary Eghigian is hereby awarded a fee of $1,400.00 (to be paid by a portion of the Settlement Fund as prescribed by the Settlement Agreement) to be paid by Defendant forthwith.

This resolves the last pending matter and closes the case.

BY THE COURT

_____
Honorable John Feikens
U.S. District Judge

4